# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

CIVIL ACTION NO.:_____

| | |
|---|---|
| **JIMMY TERRY,** | * |
| | *   **JURY DEMAND** |
| Plaintiff, | * |
| | *   **PLAINTIFF REQUESTS** |
| | *   **A STRUCK JURY FOR** |
| | *   **THE TRIAL OF THIS CAUSE** |
| vs. | * |
| | * |
| **DEPUY ORTHOPAEDICS, INC.,** | * |
| An Indiana Corporation; | * |
| **JOHNSON & JOHNSON** | * |
| **SERVICES, INC.,** a New Jersey | * |
| Corporation, | * |
| | * |
| Defendants. | * |

# C O M P L A I N T

COMES NOW the Plaintiff, by and through his undersigned attorney, and, for his Complaint against the Defendants, allege as follows:

### I. PARTIES

1. The Plaintiff, is a citizen of the State of Alabama, and resides in the County of Lawrence, Alabama.

2. The Defendant DePuy Orthopaedics, Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Indiana.

3. Defendant, Johnson & Johnson, is a New Jersey corporation, with its principal place of business located in Brunswick, New Jersey.

## II. JURISDICTION

4.  This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. §1332(a). No Defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(c) because Defendant is a corporation. A corporation is deemed to reside in any judicial district where its contacts would be sufficient to subject it to personal jurisdiction at the time the action is commenced. Defendant distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, physicians, hospitals and medical practitioners at all times relevant and including the day this action is commenced, certain orthopedic medical devices intended to be surgically implanted in patients in the State of Alabama, and more particularly within the jurisdiction boundaries of the United States District Court of the Middle District of Alabama.

6. Defendant DEPUY ORTHOPAEDICS, INC. is, and at all times relevant to this Complaint was, an Indiana Corporation with its principal place of business at 700 Orthopaedic Drive, Warsaw, Indiana 46581. Defendant DEPUY ORTHOPAEDICS, INC. is and was at all times relevant herein doing business in and/or having directed its activities in Alabama, and specifically this judicial district.

7.  Defendant JOHNSON & JOHNSON SERVICES, INC. is, and at all times relevant to this Complaint was, a New Jersey Corporation with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. Defendant JOHNSON &

JOHNSON SERVICES, INC. is and was at all times relevant herein doing business in and/or having directed its activities in Alabama, and specifically this judicial district.

8. At all times relevant herein, Defendants were the agents of each other, and in doing the things alleged herein, each defendant was acting within the course and scope of its agency and was subject to and under the supervision of its co-defendants.

9. The Defendant designed, manufactured, distributed, and sold an implantable orthopedic reconstructive device, under the name of "DePuy ASR", hereinafter "the device".

10. The device was surgically implanted into the body of Plaintiff at Decatur General Hospital, located in the Northern District of Alabama, by Dr. Dabney Y. Hofammann, a surgeon with Decatur Orthopaedic Clinic.

11. After the implant of the device, Plaintiff experienced severe pain and discomfort.

12. As a direct and proximate result of defects in the device, the Plaintiff has problems ambulating and has suffered and will continue to suffer damages, including, but not limited to, past, present, and future pain and suffering, future surgery and medical treatment, disability, disfigurement, expenses for medical, hospital, monitoring, rehabilitative and pharmaceutical costs.

## VENUE

13. Venue is proper pursuant to §28 U.S.C. §81 and §1391 because a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Alabama. The injuries at issue in this lawsuit occurred in the Northern District of Alabama.

14. Defendants conduct business in the Northern District of Alabama. Defendants' commercial activities in the Northern District of Alabama include, but are not limited to, the sale of hip implant systems.

## FACTS COMMON TO ALL COUNTS

15. Defendants marketed the *ASR* hip replacement devices as "High performance hip replacements." Advertisements for these devices included pictures of a woman running on the beach and a man swinging a golf club.

16. Defendants advertised the *ASR* hip replacement devices as superior products that would allow patients to "return to their more active lifestyles."

17. Defendants advertised the *ASR* systems would last longer than other hip replacement products.

18. The DePuy *ASR* Hip Replacement Systems consist of metal ball and socket components that move against each other. The metal components wear against each other and generate small metal debris.

19. This metal debris can cause soft tissue damage that can impair the revision surgery process.

20. The *ASR* Hip Systems have required revisions at a much higher rate than normal or expected.

21. The current estimate is that one out of every eight *ASR* customers will have to undergo revision surgery to replace the *ASR* devices.

22. The *ASR* Hip Systems are requiring revision due to component loosening,

component misalignment, infection, fracture of the bone, dislocation, metal sensitivity and pain.

23. As a result of the high revision rate for the *ASR* line of products, Defendants issued a voluntary recall of all such products on August 24, 2010.

24. Defendants knew of the defective nature of these devices prior to the recall. Specifically, for more than two years, and prior to the implantation of the device into the Plaintiff, the FDA received complaints that the devices failed early due to component loosening, component mal-alignment, dislocation and fracture.

25. Prior to the recall, Defendants were aware the metal components were generating metal debris and particulate in patients' bodies.

26. Since the start of 2008, the FDA has received approximately 400 complaints involving United States patients that received these devices.

27. Despite knowledge by these Defendants, Defendants failed to warn medical providers and/or their customers of the unreasonable DePuy *ASR* Hip System and allowed for the continued sale and installation of these systems into patients' bodies.

## COUNT ONE
## NEGLIGENCE AND WANTONNESS

28. Plaintiff re-alleges the allegations in paragraphs 1-27 above as if fully set out herein.

29. Defendants are liable to the Plaintiff for the damages sustained based on common law negligence and/or wantonness.

30.     Plaintiff alleges that the acts of the Defendants, when combined together, caused the injuries of the Plaintiff as complained of herein.   Plaintiff alleges that the negligent acts of both Defendants contributed in such a way as to proximately result in the Plaintiff's injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants and any subsequently named Defendants separately and severally, for compensatory and punitive damages such as a jury may award.  Plaintiff demands such other and further relief as to the Court seems proper and just.

## COUNT TWO
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.     Plaintiff re-alleges the allegations in paragraphs 1-30 above as if fully set out herein.

32.     Defendants are liable to the Plaintiff for the damages sustained based on a breach of the implied warranty of merchantability.

33.     The device was not fit for its ordinary purposes.

34.     The Plaintiff was a foreseeable user of the device.

35.     The device was being used in the intended manner at the time of the Plaintiff's injury.

36.     The Plaintiff suffered harm as a direct and proximate result of the above said defects in the device.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants and any subsequently named Defendants separately and severally, for compensatory

and punitive damages such as a jury may award.  Plaintiff demands such other and further relief as to the Court seems proper and just.

## COUNT THREE
## IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

37. Plaintiff re-alleges the allegations in paragraphs 1-36 above as if fully set out herein.

38. Defendants are liable to the Plaintiff for the damages sustained based on a breach of the implied warranty of fitness for particular purpose.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants and any subsequently named Defendants separately and severally, for compensatory and punitive damages such as a jury may award.  Plaintiff demands such other and further relief as to the Court seems proper and just.

## COUNT FOUR
## BREACH OF EXPRESS WARRANTY

39. The allegations contained in paragraphs 1-38 are repeated and realleged as if fully set forth herein.

40. Defendants made affirmations of fact with respect to the device intended to induce the sale of the device for implantation into the Plaintiff's body.

41. Such affirmations related to the qualities and characteristics of the device regarding the device's design, manufacture, and safety, and the suitability of the device for implantation into the Plaintiff's body.

42. The above said affirmations became part of the basis of the bargain involving the sale of the device for implantation into the Plaintiff's body.

43. The Defendant breached its express warranty relating to the device, in that the above said affirmations were not true.

44. The Plaintiff has suffered harm as a direct and proximate result of the Defendant's breach of express warranty.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct.  Further, Plaintiff requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT FIVE
### AEMLD

45. Plaintiff re-alleges the allegations in paragraphs 1-44 above as if fully set out herein.

46. Defendants are liable to the Plaintiff for the damages sustained based on the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) as the Defendants manufactured or designed or sold a defective product which, because of its unreasonably unsafe condition, injured the Plaintiff when such product, substantially unaltered, was put to its intended use.

Furthermore, Defendants failed to adequately warn the Plaintiff of the unreasonably dangerous nature of this product.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against Defendants, jointly and severally, for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct.  Further, Plaintiff requests that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

/s/ Greg L. Davis
GREG L. DAVIS
Alabama State Bar No.  ASB-8134-I71G

/s/ Dan W. Taliaferro
DAN W. TALIAFERRO
Alabama State Bar No. ASB-1477-A45D
Attorneys for Plaintiff

**OF COUNSEL:**
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, Alabama 36117
(334) 832-9080
(334) 409-7001/fax
gldavis@knology.net
danwtaliaferro@msn.com


E. KIRK WOOD
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, Alabama 35238-2434
Telephone:  (205) 612-0243
Facsimile:  (866) 747-3905
ekirkwood1@bellsouth.net

**REQUEST FOR SERVICE**

Pursuant to MRCP 4.1 and 4.2, Plaintiff requests service of the foregoing Complaint by certified mail.

*/s/ Greg L. Davis*
GREG L. DAVIS
Alabama State Bar No.  ASB-8134-I71G

*/s/ Dan W. Taliaferro*
DAN W. TALIAFERRO
Alabama State Bar No. ASB-1477-A45D
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury.

*/s/ Greg L. Davis*
GREG L. DAVIS
Alabama State Bar No.  ASB-8134-I71G

*/s/ Dan W. Taliaferro*
DAN W. TALIAFERRO
Alabama State Bar No. ASB-1477-A45D
Attorneys for Plaintiff

**SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

DEPUY ORTHOPAEDICS, INC.
700 Orthopaedic Drive
Warsaw, Indiana 46581

JOHNSON & JOHNSON SERVICES, INC.
One Johnson & Johnson Plaza
New Brunswick, New Jersey 08933